UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br>JERARDO VIRGEN-BAUTISTA,<br>　　　　　　　　　Defendant. | Case No. 3:16-cr-00078-MMD-VPC-1<br><br>ORDER |

**I.　SUMMARY**

Defendant Jerardo Virgen-Bautista has served around 28 months out of his 46-month sentence at United States Penitentiary, Lompoc ("Lompoc") on one count of conviction of felon in possession of firearms. (ECF No. 53 at 2, 12; ECF No. 56 at 2.) Before the Court is Defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) based on the "extraordinary and compelling reasons" presented by the COVID-19 pandemic[1] as applied to his health condition.[2] (ECF No. 53 (the "Motion").) The Court agrees with the government that Defendant has not shown such reasons, and the 18 U.S.C. § 3553(a) sentencing factors weigh against releasing him. Accordingly, the Court will deny Defendant's Motion.

**II.　BACKGROUND**

In October 2016, Defendant agreed to sell two assault-style rifles, a pistol, and two 30 rounds of magazines to a confidential informant in order to support his drug addiction.

---

[1]The Court issues this order during the COVID-19 ("COVID") pandemic, as a novel coronavirus is killing many people around the world, and many governments, including the governments of the United States and Nevada, have at least partially shut down their societies and economies in response.

[2]The government opposes his release. (ECF No. 56.) Defendant filed a reply (ECF No. 58) and a supplement to the Motion (ECF No. 57).

(ECF No. 56 at 2-3, 16; ECF No. 53 at 5.) On September 21, 2017, Defendant pled guilty to felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (ECF No. 35; ECF No. 48 at 1.) On January 8, 2018, the Court sentenced him to 46 months in prison, followed by five years of supervised release. (ECF Nos. 46, 48.) The Court ordered Defendant to surrender for service of sentence by March 9, 2018. (ECF No. 48.)

Defendant has served around 28 months in prison. (ECF No. 53 at 21; *see also* ECF No. 48.) During that time, he contracted COVID, spent 18 days in solitary confinement, recovered, and moved back to a dorm with other COVID-19 inmates. (ECF No. 53 at 8, 15, 17.) Shortly thereafter, Defendant claims he started experiencing symptoms again, specifically problems breathing and pain in his lungs, chest, and back of his head. (*Id.* at 4, 8; *see also* ECF No. 54-2 at 2-3; ECF No. 54-3 at 11.)

**III.    LEGAL STANDARD**

Defendant specifically seeks release under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act ("FSA") of 2018. (ECF No. 53 at 1.) This provision offers Defendant a limited exception to the general rule that the Court may not modify or reduce the length of a sentence after the Court has imposed it. *See* 18 U.S.C. § 3582(c); *see also U.S. v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003) (explaining that generally a court cannot modify a sentence after it has imposed it). "It allows the sentencing judge to reduce a sentence based on 'extraordinary and compelling reasons' after the defendant has asked the [Bureau of Prison ("BOP")] to bring such a motion on her behalf and exhausted all administrative rights to appeal the BOP's denial of that request." *United States v. Mogavero*, Case No. 2:15-cr-74-JAD-NJK, 2020 WL 1853754, at *2 (D. Nev. Apr. 13, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). Moreover, before granting such a request, the Court "must consider the factors in 18 U.S.C. § 3553(a) 'to the extent that they are applicable,' and any sentence reduction must be 'consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (citations omitted).

## IV. DISCUSSION

As explained below, the Court finds that Defendant has satisfied the statutory prerequisites under Section 3582(c)(1)(A), but Defendant has not shown extraordinary or compelling reasons to grant the Motion. Furthermore, the Section 3553(a) sentencing factors weigh definitively against releasing Defendant. The Court will deny Defendant's Motion.

### A. Statutory Prerequisites

Section 3582(c)(1)(A) requires that a defendant ask the BOP to bring a motion for compassionate release on the defendant's behalf before filing such a motion with the court, normally done by submitting a request to the warden. *See also* 18 U.S.C. § 3582(c)(1)(A). In addition, a defendant may only bring a motion under Section 3582(c)(1)(A) "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" *Id.*

Defendant submitted two letters to the Warden (both dated May 25, 2020) requesting compassionate release. (ECF No. 57-1 at 5-6.) On June 11, 2020, BOP rejected his requests because Defendant failed to show a terminal or debilitating health condition that would qualify him for release. (*Id.* at 7-9.)[3] Defendant has effectively exhausted his administrative remedies because the BOP has already determined his ineligibility for compassionate release. *United States v. McGreggor*, Case No. 2:18-cv-244-JCM-DJA, 2020 WL 2308081, at *3 (D. Nev. May 8, 2020) (holding that defendant exhausted his administrative remedies because the BOP rejected his request and already determined he was ineligible for release).

---

[3]The government argues that the Court should deny the Motion because Defendant has not produced the two letters denying his requests for compassionate release. (ECF No. 56 at 7.) But the government apparently failed to carefully review the record before making its assertions.

### B. Extraordinary and Compelling Reasons

Having found Defendant satisfied the statutory prerequisites, the Court moves on to the merits of Defendant's compassionate release request.

Defendant argues there are extraordinary and compelling reasons to grant his Motion—he is at risk of reinfection because he has been placed in a dormitory with other COVID-positive inmates, and he suffers from residual symptoms for which he is not getting treatment. (ECF No. 53 at 3, 12-18.) In support of the latter, Defendant submits letters he wrote to his counsel and his counsel's affidavit in which Defendant informed his counsel of his continuing symptoms and lack of treatment. (ECF Nos. 53-2, 53-3.) The government counters that: (1) Defendant does not have any serious medical conditions that makes him at higher risk of COVID complications; (2) Defendant's medical records do not show that he advised the prison of his symptoms or that he requested further medical treatment; (3) Defendant need not be protected from COVID because he already contracted it; and (4) Defendant might still have COVID and should therefore not be released. (ECF No. 56 at 14-16.)

The Court agrees with the government's first two arguments. Notably, Defendant does not dispute the government's first argument. Furthermore, Defendant must provide some documentation—other than his personal representations—to show his residual symptoms and any requested treatment, particularly when the gist of his argument is that the needed treatment for his symptoms is not available to him at Lompoc. *See United States v. Gama*, Case No. 18-CR-03516-BAS-1, 2020 WL 3414658, at *5 (S.D. Cal. June 22, 2020) (denying motion for compassionate release where "although [defendant] claims she suffers from hypertension . . . diabetes, and has previously suffered a stroke, she provides no documentation"); *United States v. Green*, Case No. 2:11-CR-00468-TLN, 2020 WL 1892456, at *3 (E.D. Cal. Apr. 16, 2020) ("[T]he only medical records before the Court—provided by the Government—suggest that Defendant has no significant health problems" that warrant compassionate release.) In sum, the Court finds that there does not exist extraordinary and compelling reasons for granting the Motion.

## C.     Section 3553(a) Factors

Moreover, the Court finds that the applicable Section 3553(a)'s factors weigh against release. These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established in the Sentencing Guidelines; (5) any pertinent policy statement issued by the Sentencing Commission[4]; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims. 18 U.S.C. § 3553(a)(1)-(7). As to the Section 3553(a)(2) factor, the need for a sentence must be sufficient, but not greater than necessary, to serve the purpose of "just punishment, deterrence, protection of the public, and rehabilitation." *Dean v. United States*, 137 S. Ct. 1170, 1175 (2017) (citation and internal quotes omitted).

Defendant argues that the Court should release him to prevent him from infecting other inmates and prison staff and because his 28 months in prison is sufficient to deter under Section 3553(a)(2). (ECF No. 53 at 18-20.) The Court is not persuaded. Defendant has not submitted any proof of his residual symptoms or conclusive evidence that he can infect others after he has recovered from COVID. Moreover, considering the serious nature of Defendant's offense, it is striking that Defendant points to nothing to demonstrate his rehabilitation. For example, Defendant committed the offense to support his drug addiction (ECF No. 53 at 5), but there is no indication that he sought any treatment or classes for his substance abuse. In fact, as the government pointed out, Defendant was disciplined twice in the last year for possessing contraband, demonstrating a lack of respect for the rules. (ECF No. 56 at 16-17; ECF No. 58 at 2.) Contrary to Defendant's assertions, the records do not show he has been sufficiently

---

[4]Because the Sentencing Commission never released guidelines with respect to compassionate release under the FSA, Section 3553(a)(5)'s pertinent policy statement factor is neutral. *United States v. Regas*, Case No. 3:91-cr-57-MMD-NA-1, 2020 WL 2926457, at *4 n.7 (D. Nev. June 3, 2020) (citation omitted).

deterred or that he has made progress toward rehabilitation such that he is at low risk of recidivism.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Defendant's motion for compassionate release (ECF No. 53) is denied.

DATED THIS 16th day of July 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE